UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT ANDERSON,<br><br>              Plaintiff,<br><br>    v.<br><br>PACIFIC CRANE MAINTENANCE COMPANY, L.P.,<br><br>              Defendant. | CASE NO. 3:16-cv-05825-RJB<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Pacific Crane's Motion to Dismiss. Dkt. 10. The Court has considered Plaintiff's Response (Dkt. 12), Defendant Pacific Crane's Reply (Dkt. 14), and the remainder of the file herein.

**I.**

A. <u>Alleged facts.</u>

The Complaint alleges the following facts.

Plaintiff has worked for Defendant Pacific Crane for over 11 years, and until January 6, 2016, Plaintiff was employed in the "Lead" position in the Crane Shop at Pierce County Terminal in the

Port of Tacoma. While in that position, on September 16, 2016, Plaintiff informed a state safety inspector from the Division of Occupational Safety and Health that a component on some cranes needed repair. The cranes were 'red-flagged' by the safety inspector and removed from general use. Dkt. 1-1 at 3, 4.

Over the next several months, Plaintiff's union confronted Defendant Pacific Crane about the safety issues initially raised by Plaintiff to the state safety inspector, including a threat by the union to stop work until repairs were made. Defendant Pacific Crane then "embarked on a course of actions that affected the terms and conditions of employment," including: (1) filing unfounded complaints (later dismissed by the Joint Port Labor Relations Committee) for: leaving work to attend a meeting with management and the union, not reporting down time, not reporting equipment damage, and not properly calling in sick; (2) removing Plaintiff from the Lead position; (3) denying Plaintiff a transfer from a more desirable night shift position in May 2016; and (4) denying Plaintiff from acting as a "back-up lead,"; and (5) filing a meritless complaint against Plaintiff for failing to report an injury. Dkt. 1-1 at 3, 4.

Plaintiff has been forced to leave the workplace due to the "stress of the constant retaliation," which has the potential to deter other employees from reporting unsafe workplace conditions. Plaintiff has filed a complaint against Defendant Pacific Crane with DOSH, which determined not to pursue a complaint on Plaintiff's behalf. Dkt. 1-1 at 4.

B. <u>Claims.</u>

The Complaint alleges two claims: violations of the Washington Industrial Safety and Health Act, RCW 49.17. *et seq*., and unlawful termination in violation of public policy. Dkt. 1-1 at ¶¶16-21.

C. <u>Motion to Dismiss.</u>

1   Defendant Pacific Crane argues that dismissal is appropriate because (1) both claims are
2 governed by a collective bargaining agreement and are pre-empted by Section 301 of the Labor
3 Management Relations Act (LMRA), 29 U.S.C. 185(a), and (2) Plaintiff has not exhausted
4 mandatory grievance procedures required by said collective bargaining agreement. Dkt. 12 at 4-
5 6. Defendant Pacific Crane has abandoned a third argument, which need not be addressed. Dkt.
6 14 at FN1. *See* Dkt. 10 at 6, 7.

7   **II.**

8   Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) where a complaint fails to allege a
9 cognizable legal theory or sufficient facts to state a claim upon which relief can be granted.
10 "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual
11 allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires
12 more than labels and conclusions, and a formulaic recitation of the elements of a cause of action
13 will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(internal citations
14 omitted). "Factual allegations must be enough to raise a right to relief above the speculative
15 level, on the assumption that all the allegations in the complaint are true (even if doubtful in
16 fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible
17 on its face." *Id*. at 1974.

18   An exception to the general "well-pleaded rule" is the "complete preemption doctrine,"
19 which acknowledges that "the preemptive force of some statutes is so strong that they completely
20 preempt an area of state law." *Dahl v. Rosenfeld*, 316 F.3d 1074, 1077 (9th Cir. 2003). When this
21 doctrine applies, "any claim based on preempted state law is considered to arise under federal
22 law." *Id*. "A state law claim is completely preempted by [§ 301 of the LMRA] when it
23 necessarily requires the court to interpret an existing provision of a [collective bargaining
24

1  agreement] that can reasonably be said to be relevant to the resolution of the dispute." *Id*.,

2  quoting *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 693 (9th Cir. 2001).

### III.

A.  <u>State law claims preempted by § 301?</u>

"The plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim." *Cramer*, 255 F.3d at 691. Analyzing the claims in light of the *Cramer* standard, the Court concludes that § 301 should not preempt Plaintiff's state law claims.

The first claim alleges violations of the Washington Industrial Safety and Health Act, including RCW 49.17.060, which requires employers to "furnish . . . a place of employment free from recognized hazards that are causing or likely to cause serious injury or death[.]" The alleged theory appears to be that Defendant Pacific Crane reneged on its workplace safety obligations by failing to repair or remove faulty equipment. Such conduct, if true, would violate a state statute that should not be negotiated away by a collective bargaining agreement. *See Livadas v. Bradshaw*, 512 U.S. 107, 123 ("Section 301 cannot be read broadly to preempt nonnegotiable rights conferred on individual employees as a matter of state law"); *Humble v. Boeing Co.*, 305 F.3d 1004 FN (9th Cir. 2002) ("We view a state duty as "negotiable" if it is only a default rule around which the parties may contract, or if the existence of a breach of the duty under state law might be tempered or nullified by agreement of the parties.)

Even if state law workplace safety obligations could be negotiated away, Defendant Pacific Crane has not shown that the collective bargaining agreement is intertwined with the claim. Defendant Pacific Crane points to specific provisions of the agreement that it argues need interpretation, *See* Dkt. 10 at 4-6, but the mere overlap between alleged facts and content found

Case 3:16-cv-05825-RJB   Document 15   Filed 11/23/16   Page 5 of 6

in the agreement is insufficient to extinguish Plaintiff's claim. The "proffered interpretation argument must reach a reasonable level of credibility," *Cramer*, 255 F.3d at 692, which is not the case.

Defendant Pacific Crane's argument fares no better as to the second claim, which alleges wrongful termination in violation of public policy. Termination "in retaliation for reporting employer misconduct, i.e., whistle-blowing," *Rose v. Anderson Hay and Grain Co.*, 184 Wn.2d 268, 287 (2015), is a well-established cause of action under Washington law. The Complaint appears to allege that Plaintiff's reporting of unsafe equipment to the state safety inspector instigated retaliatory steps by Defendant Pacific Crane that culminated in termination. Again, the Court does not find that litigating the claim will require interpretation of the collective bargaining agreement. The fact that factual allegations may implicate terms of the collective bargaining agreement, for example, when Defendant Pacific Crane removed Plaintiff from a Lead position or gave him less desirable work assignments, is not enough to find that the collective bargaining agreement need be interpreted. The fact that the agreement is helpful to determining damages is also not enough, because "the bare fact that a collective-bargaining agreement will be consulted for damage computation is no reason to extinguish the state-law claim." *Livadas v. Bradshaw*, 512 U.S. 107, 108, 124. *See also*, *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 412, n. 12 ("A collective-bargaining agreement may, of course, contain information such as rate of pay . . . that might be helpful in determining the damages").

In sum, interpreting the collective bargaining agreement is not relevant to resolving Plaintiff's claims. The agreement is peripheral to the claims, which are "clearly based on state law." *Cramer*, 255 F.3d at 692. Defendant Pacific Crane's motion should be denied because § 301 does not preempt either one of Plaintiff's state law claims.

B. <u>Exhaustion of administrative remedies properly pled?</u>

Defendant Pacific Crane argues that "where interpretation of a [collective bargaining agreement] is required in order to adjudicate Plaintiff's state law claim, it is well-established that an employee seeking to vindicate personal rights under a [collective bargaining agreement] must first attempt to exhaust any mandatory grievance procedure provided" by that agreement. Dkt. 10 at 6. However, as discussed above, interpretation of the collective bargaining agreement is not required to resolve Plaintiff's state law claims. Dismissal for failure to allege exhaustion of administrative remedies is not warranted. Specific to Plaintiff's state law claim for wrongful termination in violation of public policy, dismissal for failure to exhaust administrative remedies "ignores the fundamental distinction between a wrongful discharge action based in tort and an action based upon an alleged violation of an employment contract or [collective bargaining agreement]." *Smith v. Bates Technical College*, 139 Wn.2d 793, 809 (2000). Therefore, dismissing Plaintiff's claim for failing to *allege* exhaustion would be improper. *See id.*

The Complaint should not be dismissed for failure allege to exhaustion of administrative remedies.

Therefore, it is HEREBY ORDERED that Defendant Pacific Crane's Motion to Dismiss (Dkt. 10) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 23rd day of November, 2016.

ROBERT J. BRYAN
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS- 6